UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE HAROLD ROUCHER TRUST U/A DTD 09/21/72, *et al*, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-08-1810 |
| FRANKLIN BANK CORP., *et al*, | § § § | |
| Defendant. | § | |

## ORDER DESIGNATING LEAD PLAINTIFF

Now before the Court are four competing Motions for Appointment of Lead Plaintiff (Docs. 13, 18, 22, and 26). For the reasons outlined below, the Motion of the Franklin Investor Group (Doc. 18) is **GRANTED**, and the other Motions are **DENIED**.

## I. Background

This is a consolidated putative class action lawsuit alleging securities fraud. Plaintiffs argue that Franklin Bank, a bank holding company headquartered in Houston, Texas, misled the investing public by issuing false and misleading statements regarding the company's business and financial health. Four individual plaintiffs or groups of plaintiffs have moved to be designated lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA").[1] *See* 15 U.S.C. § 78u-4.

## II. Legal Standard and Analysis

### A. Lead Plaintiff

In designating a lead plaintiff, the PSLRA requires that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that

---

[1] Five parties had originally moved, but one of those motions has already been denied.

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party can serve as class representative if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The presumption outlined above is rebuttable "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In determining which party has the largest financial interest, the Court considers (1) the number of shares purchased, (2) the number of net shares purchased, (3) the total net funds expended during the class period, and (4) the approximate losses suffered. *See In re Enron Corp. Securities Litigation*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). The following is a chart outlining the approximate loss of each movant.[2]

---

[2] The Parties have provided information regarding shares purchases, net shares purchased, and net funds expended, but there are slight discrepancies in the Parties' interpretation of the data provided. The Franklin Investor Group leads the pack in all categories except for total shares purchased. Todd Semon purchased the largest number of shares, but his net share purchase is lower than that of the Franklin Investor Group. The Court finds that looking at the net financial loss of the competing plaintiffs is an accurate depiction of the plaintiffs' losses

|  | Approximate Losses |
|---|---|
| **Todd Semon** | $452,234 |
| **Franklin Investor Group**[3] | $651,051 |
| **Oregon Laborers & Huckins** | $421,722 |
| **Franklin Lead Plaintiff Group** | $442,057 |

Based on these figures, the Franklin Investor Group is the presumptive choice for lead plaintiff. Where a group of plaintiffs bases its claim on an aggregation of several individual losses, the group must have "a pre-litigation relationship based on more than the losing investments at issue in the securities fraud class action." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 442 (S.D. Tex. 2002) (citing *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 412-13 (S.D. Tex. 2000)). The three members of the Franklin Investment Group have declared that all of the members of the group were personal friends or business associates prior to the filing of this lawsuit. This is enough to meet the requirement of a pre-litigation relationship.

Having met the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and (bb), the Court must then consider whether the Franklin Investor Group meets the requirement of section (cc) that it satisfies the requirements of Rule 23. Competing plaintiffs have argued that the Franklin Investor Group does not meet the standard of Rule 23(a)(3), which requires that a representative party have claims and defenses which are typical of the claims and defenses of the class as a whole. Competing plaintiffs have argued that the claims of BEB Limited Partnership ("BEB"),

one of the members of the Franklin Investor Group, will be subject to unique defenses in this case. Specifically, they argue that BEB purchased stock after Franklin revealed that it would be delayed in filing its Form 10-k due to a continuing internal investigation. However, the Fifth Circuit has rejected "the argument that a proposed class representative in a fraud-on-the-market securities suit is as a matter of law categorically precluded from meeting the requirements of Rule 23(a) simply because of a post-disclosure purchase of the defendant company's stock." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 138 (5th Cir. 2005).

Competing plaintiffs also argue that the Franklin Investor Group does not meet the requirements of Rule 23(a) because one of its members, Bentley Blackmon, is or was a broker for Stephens, Inc., which underwrote Franklin Bank's initial public offering.[4] However, Blackmon has filed a declaration stating that though his employer may have been involved in a business relationship with Franklin Bank, he never had any involvement with any defendant other than as an investor. There is no indication that the relationship alleged would actually provide a defense against Blackmon's claims. This speculation is therefore insufficient to show that the Franklin Investor Group fails to meet the requirements of Rule 23(a), and the Court finds that it does meet those requirements.

Having met the three requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Franklin Investor Group is presumed to be the most appropriate choice for lead plaintiff. As noted above, this presumption can be rebutted only if the Franklin Investor Group "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There has been no indication that they cannot fairly and adequately represent the class. The

---

[4] Additionally, one competing plaintiff has argued that Blackmon's honesty and integrity have been questioned by a client of his who has complained about the service she received. This accusation is completely irrelevant in this analysis.

Franklin Investor Group has been represented by competent counsel and has thus far shown an ability and willingness to work together for the common interests of the class. The Court has no reason to believe that the Franklin Investor Group has not met the requirements of section (aa). Competing plaintiffs have argued that the Franklin Investor Group is subject to unique defenses, which would disqualify the Group pursuant to section (bb). However, the Court has already adequately addressed those concerns in the paragraph above. Accordingly, the Court finds that the presumption that the Franklin Investor Group is the most suitable lead plaintiff has not been rebutted.

### B. Lead Counsel

Under the PSLRA, the lead plaintiff selects and retains lead counsel subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court finds that the attorneys chosen by the Franklin Investor Group are qualified to prosecute this action, and the Court will not disturb the Plaintiff's choice of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and William Fred Hagans as Liaison Counsel.

### III. Conclusion

For the reasons outlined above, the Court **GRANTS** the Motion of the Franklin Investor Group (Doc. 18). All other Motions for Designation as Lead Plaintiff (Doc. 13, 22, and 26) are **DENIED**.

It is further **ORDERED** that the Franklin Investor Group is **APPOINTED** lead plaintiff. The law firm of Cauley Bowman Carney & Williams, PLLC is **APPOINTED** lead counsel, and the law firm of Hagans Burdine Montgomery Rustay & Winchester, P.C. is **APPOINTED** liaison counsel.

SIGNED this the 19th day of November, 2008.

                        Samuel B. Kent
                        United States District Judge