UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE HAROLD ROUCHER TRUST U/A DTD 09/21/72, *et al*, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. H-08-1810 |
| FRANKLIN BANK CORP., *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Strike Certain Factual Allegations in the Amended Consolidated Preferred Stock Purchaser Complaint (the "Preferred Complaint") (Doc. No. 176) filed by Plaintiffs The Harold Roucher Trust and Joseph Pribyl (the "Preferred Plaintiffs"). In particular, Defendants seek, pursuant to Federal Rule of Civil Procedure 12(f), to strike quotations in the Preferred Complaint from an Examination Report (the "Report") prepared in 2008 by the Federal Deposit Insurance Corporation.

The parties appear to agree that the Report is within the terms of 12 C.F.R. § 309.6(a), which provides "No person shall disclose or permit the disclosure of any exempt records, or information contained therein" without authorization from the FDIC. The parties also appear to agree that the Report was initially filed by the FDIC in another proceeding in this District, *FDIC as Receiver for Franklin Bank S.S.B. v. Baker Botts, L.L.P.*, No. 4:09-cv-2492. Lastly, the parties seem to agree that, in that case, the Report was not filed under seal, but was subsequently sealed by order of the presiding judge.

The parties disagree sharply as to the consequences of what the FDIC claims was an "inadvertent disclosure." Letter from Bernard M. Brodsky, Counsel for FDIC, to Court, April 19, 2010 ("FDIC Letter"). Preferred Plaintiffs contend that the Defendants lack standing to object to the use of a document from the FDIC, that the Report is not subject to any kind of privilege, that equitable principles estop Defendants from objecting to the quotations from the Report, and that Defendants do not satisfy Rule 12(f). Defendants contend that neither standing nor absence of an applicable privilege is relevant to a motion to strike, that Defendants have not missed any filing deadlines such that their conduct could be considered inequitable, that Preferred Plaintiffs' own conduct forbids them from invoking concepts of equity, and that use of a document contrary to FDIC regulations is properly subject to a motion to strike.

For its part, the FDIC Letter and a subsequent letter make clear that the FDIC believes the Motion to Strike should be granted, and that the Preferred Plaintiffs *and their* counsel should not disseminate the Report. Specifically, the FDIC Letter maintains that the Report "is a confidential and proprietary document and is not intended for public disclosure."

All parties, as well as the FDIC, make strong arguments for their respective positions. In the end, however, the Court cannot countenance the use of a document in violation of applicable federal law. Defendants' Motion to Strike is **GRANTED**. Preferred Plaintiffs have fifteen days to file another complaint.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this 12th day of May 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE