IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re FRANKLIN BANK CORP. SECURITIES LITIGATION | CIVIL ACTION NO.: 4:08-cv-01810 CLASS ACTION |

**REPLY IN FURTHER SUPPORT OF DEFENDANT RBC CAPITAL MARKETS CORPORATION'S MOTION TO DISMISS AMENDED <u>CONSOLIDATED PREFERRED STOCK PURCHASER COMPLAINT</u>**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ...................................................................................... 1

II. ARGUMENT .................................................................................................................... 3

    A.    The Section 11 Claim Against RBC Should be Dismissed Because Roucher Fails to Allege Facts Suggesting the Offering Documents Contained Material Misstatements. .................................................................... 3

    B.    Despite Roucher Trust's Protestations, the Section 11 Claim Against RBC is Time-Barred. ............................................................................................ 5

        1.    Roucher Trust Had Notice of the Alleged Misstatements as of May 1, 2008. ........................................................................................... 5

        2.    "Inquiry Notice" Remains the Standard for Section 11 Claims. ........... 7

    C.    The Section 11 Claim Against RBC Should be Dismissed as Deficient Under Rule 9(b) of the Federal Rules of Civil Procedure for Failure to Plead With Particularity. ............................................................................... 8

III. CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Arazie v. Mullane*,
  2 F.3d 1456 (7th Cir. 1993) .................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 1, 5

*CalPERS v. Chubb Corp.*,
  394 F.3d 126 (3d Cir. 2004) ................................................................................... 4

*In re Dynegy, Inc. Sec. Litig.*,
  339 F.Supp.2d 804 (S.D. Tex. 2004) ...................................................................... 8

*Jensen v. Snellings*,
  841 F.2d 600 (5th Cir. 1988) .................................................................................. 6

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
  238 F.3d 363 (5th Cir. 2001) ................................................................................ 11

*Melder v. Morris*,
  27 F.3d 1097 (5th Cir. 1994) .......................................................................... 10, 11

*Merck & Co. v. Reynolds*,
  No. 08-905, 559 U.S. ____, 2010 U.S. LEXIS 3671 (Apr. 27, 2010) ............. 2, 8, 9

*Southland Sec. Corp. v. Inspire Ins. Solutions Inc.*,
  365 F.3d 353 (5th Cir. 2004) .................................................................................. 5

*U.S. ex rel. Grubbs v. Kanneganti*,
  565 F.3d 180 (5th Cir. 2009) ................................................................................ 10

### Statutes

15 U.S.C. § 77m .......................................................................................................... 7

28 U.S.C. § 1658(b) .................................................................................................... 8

### Rules

Fed. R. Civ. P. 9(b) ...................................................................................... 2, 3, 10, 11

Defendant RBC Capital Markets Corporation ("RBC") respectfully submits this reply in further support of its motion to dismiss the Amended Consolidated Preferred Stock Purchaser Complaint (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows:

## I.
## PRELIMINARY STATEMENT

In its Motion to Dismiss (Dkt. 183) and the memorandum of law in support thereof (Dkt. 184) (the "Motion"), RBC identified three independent reasons that the Amended Complaint fails as a matter of law: failure to allege materiality adequately; failure to bring claims against RBC within the applicable statute of limitations; and failure to plead with particularity as required by Rule 9(b). Electing to file a combined opposition to the defendants' separate motions to dismiss (the "Consolidated Opposition"), the Harold Roucher Trust ("Roucher") seeks to hide the weakness of its allegations against RBC behind its exaggerated storyline for the demise of Franklin Bank. The fact that Franklin suffered severe business reversals in 2008 and was seized by the FDIC in September 2008 cannot be used retrospectively to support the conclusion that Roucher posits here—namely, that the Registration Statement issued in *early 2006* contained material misstatements for which RBC should be held liable. The Supreme Court consistently admonishes trial courts to apply rigorous analysis to allegations of fraudulent conduct such as those set forth in the Complaint. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)[1]. Roucher's flawed logic – Franklin Bank had problems in 2008, so it *must* have had the same problems in the first quarter of 2006 – cannot survive such analysis.

---

[1] Unless otherwise indicated, all emphasis is added and all internal quotations and citations omitted.

**REPLY IN FURTHER SUPPORT OF DEFENDANT**  Page 1
**RBC CAPITAL MARKETS CORP.'S MOTION TO DISMISS**

*First,* Roucher did not respond to RBC's argument that the statements attributed to RBC in the Amended Complaint were immaterial – effectively conceding the point. The only statements for which RBC can be held liable under Section 11 are those statements contained within the Offering Documents. While Roucher alleged, perfunctorily, that the financial statements in the Offering Documents were misstated, Roucher provided no factual allegations that the alleged errors were material. Roucher did not challenge this argument in its Consolidated Opposition because it cannot.

*Second,* Roucher's challenge to the statute of limitations continues to ignore the basic facts of the demise of Franklin Bank and the record of this litigation. As set forth in RBC's Motion to Dismiss, Roucher has *judicially admitted* that it was on actual notice more than a year before the filing of the Original Complaint of the relevant facts underlying the claims against RBC. Even if Roucher was not on actual notice, there were sufficient red flags to constitute "storm warnings" and start the statute of limitations running more than a year before the Original Complaint was filed. Although Roucher may argue otherwise, the Supreme Court's recent decision in *Merck & Co. v. Reynolds*, No. 08-905, 559 U.S. ____, 2010 U.S. LEXIS 3671 (Apr. 27, 2010)[2] is not applicable to the statute of limitations analysis under Section 11 and is therefore inapplicable to the claims asserted against RBC.

*Finally,* Roucher's rebuttal to RBC's position that Roucher fails to state a claim for violations of Section 11 under the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure amounts to nothing more than the conclusory argument that "the rule doesn't apply simply because we say that it does not." Where, as here, a plaintiff alleges that an

---

[2] A true and correct copy of the *Merck* opinion is attached as Exhibit A to the Declaration of Samantha A. Lunn ("Lunn Decl. II"), dated June 4, 2010, filed concurrently herewith.

underwriter "*knew or should have known*" of the alleged fraudulent misstatements by Franklin, and otherwise alleges the existence of a fraudulent course of conduct, the Section 11 claim must be pled with particularity, notwithstanding Roucher's glib disclaimer in the Amended Complaint that "this claim does not sound in fraud." (Am. Compl. at ¶ 113.) Roucher does no better in the Consolidated Opposition, implying that paragraphs 19 and 21 of the Amended Complaint, each of which clearly sound in fraud, do not apply to the Securities Act claims, even though Roucher specifically incorporated these paragraphs into the Securities Act claims at paragraph 112. Moreover, Roucher concedes that paragraphs 48 and 82-83 are alleged in support of the Securities Act claims against RBC and each of these allegations clearly sound in fraud. Under Rule 9(b), Roucher is *required* to allege the facts constituting the misrepresentations in the May 2006 registration statement with specificity and utterly fails to do so.

## II.
## ARGUMENT

**A.     The Section 11 Claim Against RBC Should be Dismissed Because Roucher Fails to Allege Facts Suggesting the Offering Documents Contained Material Misstatements.**

Although Roucher filed a 76-page Consolidated Opposition to defendants' motions to dismiss, it did not address – much less attempt to rebut – the materiality pleading deficiencies identified by RBC. Roucher did not because it cannot: it is evident from the face of the Amended Complaint that there are no facts suggesting that the Offering Documents contained any material misstatements. Roucher's silence on this issue in the Consolidated Opposition is deafening.

Roucher has sued RBC solely under Section 11 for supposed misstatements in the Offering Documents for Franklin's May 5, 2006 preferred stock offering. Roucher, however, has pled *no facts* suggesting that the Offering Documents contained any material misstatements. Roucher alleges – without any factual support whatsoever – that the audited financial statements

for 2004 and 2005 and the unaudited financial statements for the first quarter of 2006, contained in the Offering Documents, *must* have been misstated even though those financial statements were *never restated*.  (Am. Compl. at ¶¶ 2, 77.)  Yet, as Roucher well knows, Franklin's financial statements for 2004 and 2005 have never been called into question.  And nowhere in the Amended Complaint does Roucher allege any *specific* misstatement in the unaudited financials for the first quarter of 2006.

      The closest that Roucher comes to identifying a specific material misstatement in the Offering Documents is its argument in the Consolidated Opposition (but *not* in the Amended Complaint) that because Franklin's financial statements *for all of 2006* were allegedly overstated by 8%, "one can safely assume" that the *first quarter's* financial statements must have been misstated by more than 5%.  (Consol. Opp. at 68.)  But Roucher's assumption is utterly illogical – just because a condition existed on day two or day three, that doesn't necessarily mean or even suggest that the condition also existed on day one.  The securities laws simply do not permit plaintiffs to engage in this type of rampant speculation.  *See CalPERS v. Chubb Corp.*, 394 F.3d 126, 158 fn. 20 (3d Cir. 2004) ("[I]t is not reasonable to infer that [the company's] reported prior combined ratios were [incorrect] from the fact that [the company's] combined ratio increased to 130% in the third quarter. . . . [S]uch an allegation constitutes an unacceptable attempt to plead fraud by hindsight."); *see also Southland Sec. Corp. v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) ("fraud cannot be proved by hindsight"); *Arazie v. Mullane*, 2 F.3d 1456, 1468 (7th Cir. 1993).

      The Amended Complaint is entirely devoid of any *factual* allegation of material errors in any of the financial statements incorporated into the Offering Documents.  Roucher's *factual* allegations in the Amended Complaint pertain to time periods that post-date the Preferred

Offering and, therefore, have absolutely nothing to do with what, if anything, was misstated in the Offering Documents. (Motion at 15-16.) Roucher's unsupported, conclusory allegations of falsity are insufficient to state a claim. *See Twombly*, 550 U.S. at 546-47.

**B. Despite Roucher Trust's Protestations, the Section 11 Claim Against RBC is Time-Barred.**

**1. Roucher Trust Had Notice of the Alleged Misstatements as of May 1, 2008.**

In claiming to have been entirely unaware of potential claims against RBC prior to August 2002, Roucher focuses only on the content of Franklin's May 1, 2008 disclosure. However, Franklin made a *series* of disclosures beginning in March 2008 that revealed sufficient facts to put Roucher on actual notice of possible misstatements in the Offering Documents. The March 14 Press Release not only revealed that Franklin would be unable to file its 2007 Form 10-K on time, it also explicitly disclosed that Franklin's internal controls and accounting mechanisms may be deficient. Those disclosures relate directly to Roucher's claim that the Registration Statement failed to advise investors that Franklin's "accounting practices and internal controls were materially deficient." (Amended Complaint at ¶ 32.) Also, the March 14 Press Release references the publicly-available SEC filing of the same day that revealed that, in anticipation of findings from the Audit Committee investigation, the Bank expected to record an impairment of goodwill for 2007 and an increase in the allowance for loan losses. The May 1 Press Release contained equally harsh news, and sent Franklin's preferred stock spiraling down. The May 1 Press Release revealed that (a) Franklin's non-performing loans at the end of 2007 were actually $176.6 million (versus $86.031 million previously reported); (b) its REO was $51.1 million (versus $38.538 million previously reported); and (c) its net loss for 2007 was actually $52.1 million (versus $45.2 million previously reported). From these two press releases, a reasonable investor was on notice that Franklin's previous financial statements may not be

reliable and that the Bank may not have reserved adequately for loan losses.  At the very least, these statements constituted sufficient "storm warnings" to put a reasonable investor on inquiry notice that there may have been misstatements within the Offering Documents.  "Investors are not free to ignore 'storm warnings' which would alert a reasonable investor to the possibility of fraudulent statements or omissions in his securities transactions."  *Jensen v. Snellings,* 841 F.2d 600, 607 (5th Cir. 1988).

Market reaction to Franklin's disclosures demonstrates that investors were, indeed, put on notice of Franklin's problems.  (Motion at 10-11.)  The multiple sharp drops in the price of the Preferred Stock during the period March 14 to May 2, following Franklin's corrective disclosures, dramatically underscore that holders of the Preferred Stock were on notice of their claims.  The massive sell-off of Franklin preferred stock can only be explained by investors responding to their awareness of pervasive issues concerning Franklin's financial condition.  At least two analysts raised questions regarding the reliability of Franklin's previously reported financial statements during this period.  (Lunn Decl. II at Exh. B and C.)

The record of this litigation shows that Roucher began its investigation into securities claims relating to Franklin stock in May 2008, in response to the May 1 press release.  Roucher filed its original complaint on June 6, 2008 and its corrected complaint on June 10, 2008 on behalf of purchasers of common *and preferred stock* of Franklin.  Most importantly, Roucher has judicially admitted, in the Original Complaint, that the facts disclosed by Franklin leading up to and in the May 1 Press Release were sufficient to put a shareholder on notice of misstatements concerning Franklin, when it alleged that "the truth was fully revealed by May 1." (Original Compl. at ¶¶ 50 & 51.)  Roucher cannot now be allowed to argue that such announcements did not place a reasonable investor on notice.

The foregoing amply demonstrates that Roucher had notice of its Section 11 claim arising out of the preferred stock offering no later than May 1, 2008 – and probably months earlier than that. Therefore, Roucher's Section 11 claim against RBC, filed on May 4, 2009, is barred by the statute of limitations.

2.   **"Inquiry Notice" Remains the Standard for Section 11 Claims.**

Claims under Section 11 are governed by the one-year statute of limitations in Section 13 of the Securities Act, 15 U.S.C. § 77m.: "[n]o action shall be maintained to enforce any liability created under [Section 11] . . . of this title unless brought within one year after discovery of the untrue statement, or after such discovery should have been made by the exercise of reasonable diligence." In the Fifth Circuit, the one-year limitations period under Section 11 begins to run on the date that a plaintiff is placed on inquiry notice: "when the plaintiff has actual knowledge of the facts giving rise to his claims or has notice of facts that in the exercise of reasonable diligence should have led to such knowledge." *In re Dynegy, Inc. Sec. Litig.*, 339 F.Supp.2d 804, 845 (S.D. Tex. 2004). Because plaintiff has judicially admitted that it was on *actual notice* of its claims more than a year prior to filing its complaint against RBC, its claim is time-barred. (Motion at 11-13.)

The Supreme Court's recent opinion in *Merck & Co. v. Reynolds*, addressing inquiry notice in the context of *Section 10(b)* claims, does not change this analysis. *Merck*, No. 08-905, 559 U.S. ____, 2010 U.S. LEXIS 3671 at *34-35. There are several reasons why the *Merck* decision is inapplicable to the claims against RBC. First, *Merck* involved a Section 10(b) claim, which carries a different statute of limitations provision. The limitations period for Section 10(b) claims is set out in 28 U.S.C. § 1658(b), which provides that "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than . . . 2 years after the

discovery of the facts constituting the violation." As Justice Scalia correctly points out in his concurrence in *Merck*, Section 1658(b) does not expressly contain an inquiry notice clause in the same way that Section 13 does and Section 10(b) cases differ materially from Section 11 cases:

> [T]he elements of Section 10(b) claims, which include scienter, are likely more difficult to discover than the elements of claims under [Section 11], which do not . . . . And a constructive-discovery standard may be easier to apply to the claims covered by [Section 13]. Determining when the plaintiff should have uncovered an untrue statement in a registration statement or prospectus is much simpler than assessing when a plaintiff should have learned that the defendant deliberately misled him using a deceptive device covered by [Section 10(b)].

*Merck*, No. 08-905, 559 U.S. ____, 2010 U.S. LEXIS 3671 at *41 (Scalia, J. concurring).

Further, the main issue in *Merck* was whether a plaintiff needs to discover facts constituting *scienter* for the statute of limitations to begin running. Importantly, the Court in *Merck* distinguishes between false statements made with scienter and false statements made without scienter. Because Section 10(b) requires scienter, the Court held that it is not enough for a defendant to simply point to a false statement and say that triggered inquiry notice – there must also be discoverable facts showing that the false statement was made with scienter. *Id.* at *29, 34. By contrast, Section 11 contains no scienter element. Therefore, the false statement alone – without scienter – is the actionable conduct, and as such, *Merck*'s analysis of scienter does not apply.

C. **The Section 11 Claim Against RBC Should be Dismissed as Deficient Under Rule 9(b) of the Federal Rules of Civil Procedure for Failure to Plead With Particularity.**

As set forth in the Motion, Roucher's allegations against RBC sound in fraud. Roucher alleges that RBC "*knew* or should have known of Franklin's existing financial and accounting issues" and "that the complained of statements were misleading when made." (Am. Compl. at ¶¶ 19, 21.) Roucher further alleges that "[a]ll of the foregoing statements concerning financial condition and internal controls . . . were materially false and misleading because *defendants*

*knew* or recklessly disregarded that" Franklin overstated its revenues and earnings, Franklin's loss reserves were not adequate, Franklin's method of identifying real estate risks was inadequate, and Deloitte's audit of Franklin's 2006 financial statements was not made in accordance with generally accepted accounting standards. (Am. Compl. at ¶ 48.) Roucher also claims "Defendants" *knew of* or recklessly disregarded Franklin's internal control and accounting deficiencies and undercapitalization as a result of the FDIC investigation and the whistle-blower letter; and due to RBC's constant communication with the Bank principals, RBC *knew* or should have known of the issues at Franklin." (Am. Compl. at ¶¶ 19, 21, 82-83.) To allege that RBC "knew" of misstatements by Franklin and did not disclose them is to accuse RBC of fraud.

In the Consolidated Opposition, Roucher argues that the fraud allegations are only applicable to the Exchange Act Claims, even though in reality it included no such limitation in the Amended Complaint. Roucher implies that only paragraphs 41-106 are applicable to the Securities Act claims—but in the Amended Complaint, Roucher adopted the allegations in paragraphs 1-120 of the Amended Complaint in support of its Section 11 claim, *and then* made the same allegations to support its Section 10(b) claim for fraud. (Am. Compl. at ¶¶ 112, 131.) It is clear after *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994) that the heightened pleading standard of Rule 9(b) is applicable where there is "wholesale adoption of the allegations under the securities fraud claims for purposes of the Securities Act claims."

As in *Melder*, Roucher applies the whole of its Section 10(b) fraud allegations to the Section 11 claim against RBC. Thus, these allegations are subject to the heightened pleading requirements of Rule 9(b). Nowhere does Roucher allege who at RBC acquired the alleged knowledge of misstatements by Franklin, when or from whom it was acquired or even what facts RBC supposedly learned. This failure to allege specifically the who, what, when, and where of

**REPLY IN FURTHER SUPPORT OF DEFENDANT
RBC CAPITAL MARKETS CORP.'S MOTION TO DISMISS** Page 9

its allegations against RBC is fatal to its claims under Rule 9(b). *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) (traditionally requiring plaintiff to plead "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby.").

Relying on *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th Cir. 2001), Roucher asks this Court to simply ignore the fraud allegations "somehow intermixed with the nonfraud allegations." (Consol. Opp. at 67.) In *Lone Star Ladies*, the Fifth Circuit did limit *Melder's* reach by explaining that when a plaintiff alleges Securities Act claims based on strict liability and expressly disavows and disclaims any allegations of fraud, the plaintiff's claims do not "sound in fraud" and cannot be dismissed for failure to satisfy Rule 9(b)'s pleading requirements as long as the nonfraud allegations state a negligence claim under Section 11. *Id*. at 369. The salient distinguishing factor of *Lonestar Ladies*, however, is that once the court stripped the complaint of the fraud claims, the Section 11 claims were still pled sufficiently. *See id.* Here, when one strips away the cookie-cutter fraud allegations that RBC "knew" this or "recklessly disregarded" that, all that is left is a complaint that fails to allege a material misstatement in the only documents for which RBC can be held responsible. Thus, absent specific allegations of what RBC "knew" or "recklessly disregarded" in May 2006, and who knew it and how, Roucher's Amended Complaint is deficient as a matter of law.

### III.
### CONCLUSION

Roucher's Amended Complaint against RBC is time-barred and, in addition, fails to state a claim against RBC for the reasons set forth above. Therefore, RBC respectfully requests that the Court enter an order dismissing all claims against RBC Capital Markets Corporation and grant such other and further relief as the Court deems just and proper.

**RBC CAPITAL MARKETS CORP.'S MOTION TO DISMISS** **Page 10**

DATED:  June 4, 2010

Respectfully submitted,

       /s/ Samantha A. Lunn       
Jonathan C. Dickey, Lead Attorney
*admitted pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2399
Facsimile: (212) 351-6399
Email: jdickey@gibsondunn.com

M. Byron Wilder
State Bar No. 00786500
Samantha A. Lunn
State Bar No. 24050595
Kelly A. Bohne
State Bar No. 24057358
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
Email: bwilder@gibsondunn.com
Email: slunn@gibsondunn.com
Email: kbohne@gibsondunn.com

**ATTORNEYS FOR DEFENDANT RBC CAPITAL MARKETS CORP.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon the following via ECF filing notice in accordance with Rule 5 of the Federal Rules of Civil Procedure on this 4th day of June, 2010:

J. Allen Carney
Darrin Williams
Randall K. Pulliam
CAULEY BOWMAN ET AL
11311 Arcade Dr., Suite 200
Little Rock, AR  72211
Tel.: (501) 312-8500
Fax: (501) 312-8505

William Fred Hagans
HAGANS BURDINE PC
3200 Travis, 4th Floor
Houston, TX  77006
Tel: (713) 222-2700
Fax: (713) 547-4950

*Attorneys for Franklin Investor Group*

Stephen Edward McConnico
Cynthia Saiter Connolly
SCOTT DOUGLAS ET AL
600 Congress Ave., Suite 1500
Austin, TX  78701
Tel.: (512) 495-6300
Fax: (512) 474-0731

*Attorneys for Defendants Lewis S. Ranieri, Lawrence Chimerine, David M. Golush, James A. Howard, Alan E. Master, Robert A. Perro, William Rhodes, and John B. Selman*

James G. Munisteri
GARDERE WYNNE ET AL.
1000 Louisiana, Suite 3400
Houston, TX  77002
Tel.: (713) 276-5752
Fax: (713) 276-5555

*Attorney for Defendant Anthony J. Nocella*

Ralph M. Stone
SHALOV STONE ET AL
485 7th Avenue, Suite 1000
New York, NY  10018
Tel.: (212) 239-4340
Fax: (212) 239-4310

Roger B. Greenberg
SCHWARTZ JUNELL ET AL
909 Fannin, Suite 2700
Houston, TX  77010
Tel.: (713) 752-0017
Fax: (713) 752-0327

*Attorneys for The Harold Roucher Trust*

Andrew J. DeFilippis
Brian T. Frawley
William B. Monahan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
(212) 558-4000

*Attorneys for Defendant Lewis S. Ranieri*

Barrett H. Reasoner
GIBBS BURN LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel.: 713-650-8805
Fax: 713-750-0903

*Attorney for Defendant Russell McCann*

**REPLY IN FURTHER SUPPORT OF DEFENDANT
RBC CAPITAL MARKETS CORP.'S MOTION TO DISMISS**

Farbod Moridani
James J. Farrell
Peter Wald
Terri L. Lilley
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071
Tel.:  (213) 485-1234
Fax:  (213) 891-8763

George W. Sheperd, III
Cruse Scott et al.
2777 Allen Parkway, 7th Floor
Houston, TX 77019
Tel.:  (713) 650-6600
Fax:  (713) 650-1720

*Attorneys for Defendant Deloitte & Touche LLP*

                                                                  /s/ Samantha A. Lunn
                                                        Samantha A. Lunn

100861766_6.DOC

**REPLY IN FURTHER SUPPORT OF DEFENDANT
RBC CAPITAL MARKETS CORP.'S MOTION TO DISMISS**